UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANNETTE TYLER, an individual, | ) ) ) Case No: ) |
| Plaintiff, | ) ) Judge: ) |
| v. | ) ) Magistrate Judge: ) |
| VALERO DIAMOND METRO, INC., | ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

Plaintiff, ANNETTE TYLER, by and through her undersigned counsel, hereby files this Complaint and sues Defendant, VALERO DIAMOND METRO, INC. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as "ADA") and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter, "LCHR"); and alleges the following:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA and the LCHR.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, ANNETTE TYLER, (hereinafter referred to as "MS. TYLER"), is a person of the age of majority and a citizen of the State of Louisiana, St. Landry Parish.

5. MS. TYLER resides on Vige St., Opelousas, Louisiana 70570.

6. MS. TYLER is a qualified individual with a disability under the ADA and the LCHR.

7. MS. TYLER is a paraplegic due to spinal cord injury.

8. Due to her disability, MS. TYLER is substantially impaired in several major life activities and requires a wheelchair to ambulate.

9. Upon information and belief, VALERO DIAMOND METRO, INC., a limited liability company domiciled in Michigan and doing business in Lafayette Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: Circle K, 2829 Ambassador Caffery Parkway, Lafayette, LA 70506 (hereinafter referred to as "the Property").

10. Upon information and belief, the Property is a gas station and convenience store.

11. MS. TYLER has attempted to enter the Property to go to the convenience store.

12. DEFENDANT is obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Lafayette, Louisiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MS. TYLER realleges and reavers all preceding paragraphs as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located

at: 2829 Ambassador Caffery Parkway, Lafayette, LA 70506.

16. MS. TYLER lives less than thirty (30) miles from the Property.

17. MS. TYLER sometimes passes the Property because of its proximity to where she lives and where it is located. The Property is located in Lafayette, the nearest larger city.

18. MS. TYLER's most recent visit to the Property was on October 29, 2025.

19. During this visit, MS. TYLER was unable to enter the convenience store at the Property due to the inaccessible route between the designated-accessible parking space and the entrance to the convenience store.

20. MS. TYLER parked in the designated-accessible parking space at the Property and attempted to enter the convenience store.

21. The accessible route into the convenience store was blocked by an ice machine.

22. MS. TYLER then attempted to go all the way around the other side of the store to enter but was blocked from entering because of a propane cage.

23. MS. TYLER was unable to enter the convenience store.

24. MS. TYLER has personally observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 29.

25. MS. TYLER continues to desire to visit the Property but will continue to experience serious difficulty due to the inaccessible route into the convenience store at the Property.

26. The barriers discussed below in Paragraph 29 are excluding MS. TYLER from the programs, services, and activities offered at the Property.

27. The barriers discussed below in Paragraph 29 are excluding MS. TYLER from the equal opportunity to participate in, or benefit from the programs, services, and activities which

are offered to the general public at the Property.

28. MS. TYLER presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

29. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. TYLER due to, but not limited to, the following violations which exist at the Property:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

   A. There is no accessible route from the designated-accessible parking space into the convenience store; and

   B. Other mobility-related ADA barriers to be identified following a complete inspection.

30. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

31. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

32. Upon information and belief, removal of the barriers to access located on the Property would provide MS. TYLER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations offered to the general public at the Property.

33. MS. TYLER has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MS. TYLER is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

34. MS. TYLER repeats and realleges all preceding paragraphs in support of this claim.

35. At all times relevant to this action, the Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § 51:2231 et. seq., (hereinafter referred to as "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

36. At all times relevant to this action, MS. TYLER has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, La. Rev. Stat. Ann. § 51:2232(3)(a).

37. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by La. Rev. Stat. Ann. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

38. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." La. Rev. Stat. Ann. § 51:2247.

39. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

40. DEFENDANT discriminated against MS. TYLER, on the basis of her disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in Paragraph 30 herein.

41. MS. TYLER deems herself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

42. MS. TYLER is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MS. TYLER demands judgment against DEFENDANT and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. TYLER pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANT in violation of the LCHR;

D.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses to MS. TYLER pursuant to the ADA and the LCHR; and

E.     That this Court award such other and further relief as it deems necessary, just, and proper.

        Respectfully Submitted,

**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
      gdereus@bizerlaw.com
      eva@bizerlaw.com